Please Note: We have sua sponte removed this case from the accelerated calendar.
 DECISION.
Defendant-appellant David M. Soifer appeals from the judgment of the Hamilton County Court of Common Pleas convicting him of aggravated vehicular assault.
On February 27, 1998, while driving on Loveland-Madeira Road, Soifer struck three vehicles in three separate accidents. Soifer struck the first vehicle after he ignored a stop sign located at the intersection of Spooky Hollow and Loveland-Madeira Roads. After this accident, Soifer continued driving. Shortly thereafter, he crossed the centerline and struck an oncoming vehicle driven by Christopher Spangler. At that point, Soifer's vehicle came to a stop, and Spangler got out of his vehicle, approached Soifer, and attempted to speak with him. Soifer, however, appeared disoriented and was unresponsive. After several minutes, Soifer drove away. Again, he crossed the centerline, this time striking head-on an oncoming vehicle driven by Anna Westrich. Westrich's vehicle was propelled into the air and off the road.
As a result of the accident, Westrich suffered a large hemotoma and laceration on her forehead, a fractured left foot, and sprained wrists. She was transported by ambulance to Bethesda-North Hospital for treatment. The hemotoma on Westrich's forehead subsequently caused intense swelling and darkening around her eyes. At the time of trial, six months after the accident, Westrich still had a lump and numbness on her forehead, and darkness under her eyes.
The officer who responded to the scene of the last accident testified that Soifer had difficulty standing up and that he smelled of alcohol. Based on these facts, as well as Soifer's performance on a variety of sobriety and psychomotor tests, the officer concluded that Soifer was under the influence of alcohol.
Soifer was charged with aggravated vehicular assault, a fourth-degree felony, in violation of R.C. 2903.08(A). After a bench trial, Soifer was found guilty. The trial court imposed a sentence of nine months' incarceration and a lifetime driver's-license suspension. On appeal, Soifer now brings three assignments of error.
In his first assignment of error, Soifer asserts that the evidence in support of his conviction was insufficient as a matter of law. Specifically, Soifer contends that the state failed to carry its burden of proof on the element of "serious physical harm." We disagree.
Soifer was convicted of a violation of R.C. 2903.08(A), which provides, in pertinent part, that "no person, while operating * * * a motor vehicle * * * shall recklessly cause serious physical harm to another person." R.C. 2901.01(A) (5) (d) and (e), in turn, define "serious physical harm" as "[a]ny physical harm that involves some permanent disfigurement, or that involves some temporary, serious disfigurement" or "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering, or that involves any degree of prolonged or intractable pain."
Given the evidence before the trial court with respect to Westrich's injuries, specifically, Westrich's own testimony, the testimony of those who observed her at the scene of the accident, the opinions of three medical experts, and the trial court's own in-court observations of her physical condition six months following the accident, we conclude that the court could have found that Westrich had suffered acute pain that, because of its duration, resulted in substantial suffering, or that the lump on her forehead constituted a serious temporary disfigurement.[1]
Accordingly, we overrule the first assignment of error.
In the second and third assignments of error, Soifer challenges the trial court's imposition of more than the minimum prison term. He first contends that the trial court's determination that the imposition of the shortest prison term would demean the seriousness of his conduct and would not adequately protect the public from future crimes was not supported by the record. Second, he contends that the trial court improperly considered information outside the sentencing guidelines in imposing more than the minimum prison term. For the reasons that follow, we conclude that the trial court committed no error in sentencing Soifer to a nine-month prison term rather than the minimum term of six months.[2]
The crime for which Soifer was convicted, aggravated vehicular assault, is a fourth-degree felony.[3] Generally, a court imposing a sentence for a fourth- or fifth-degree felony shall not impose a prison term unless it finds that (1) one or more of the eight factors enumerated in R.C. 2929.13(B) (1) (a) through (h) apply to the offender; (2) the offender is not amenable to community control; and (3) a prison term is consistent with the purposes and principles of sentencing. In the instant case, however, the trial court's discretion in determining whether to impose a prison term for the offense was limited by R.C.2903.08(C), which provides that a trial court shall sentence a defendant who commits aggravated vehicular assault while under the influence of alcohol to a mandatory term of imprisonment.
Because the trial court found that Soifer was under the influence of alcohol at the time of the offense, it was required to impose a prison term within the range of six to eighteen months.[4] Pursuant to R.C. 2929.14(B), however, because Soifer had not previously served a prison term, the trial court was required to impose the shortest prison term authorized for the offense unless it found on the record that the shortest term would demean the seriousness of Soifer's conduct or would not adequately protect the public from future crimes.[5] The trial court complied with this mandate by finding, prior to imposing a prison term of nine months, that a six-month prison term would demean the seriousness of Soifer's conduct and would not adequately protect the public. Soifer challenges these findings, arguing that they lack support in the record. We disagree. The facts offered into evidence with regard to Soifer's conduct provided the trial court with a sufficient basis to support its findings. Furthermore, we reject as meritless Soifer's contention that the trial court erred in entertaining considerations outside those provided for in the sentencing guidelines in determining the length of the sentence. There is no demonstration in the record that the trial court relied on nonstatutory considerations in imposing its sentence, and there is ample support for the sentence imposed, apart from the information challenged by Soifer.
Accordingly, we conclude that the trial committed no error in sentencing Soifer to more than the minimum six-month prison term. We, therefore, overrule the second and third assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
 Gorman, P.J., Painter and Sundermann, JJ.
 Please note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
[2] We note that we review Soifer's sentence pursuant to R.C.2953.08(A) (2), which provides that a defendant may, as a matter of right, appeal his prison sentence for a fourth- or fifth-degree felony where the trial court did not specify at sentencing that it found one or more of the factors specified in R.C.2929.13(B) (1) (a) to (h) to apply to him. The fact that the trial court was not required to make findings under R.C. 2929.13(B) because Soifer was subject to a mandatory prison term does not negate the right of appeal granted him under R.C. 2953.08(A) (2). If the trial court had found one of R.C. 2929.13(B)'s eight factors to be applicable, Soifer's right of appeal under R.C.2953.08(A) (2) would have been abrogated.
[3] See R.C. 2903.08(B).
[4] See R.C. 2903.09(D); R.C. 2929.01(Z); R.C. 2929.14(A) (4).
[5] See State v. Edmonson (1999), 86 Ohio St.3d 324, ___ N.E.2d __.